*456 OPINION of the Court, hy
Judge Logajt..
Rew-is declared against Davis on the penalty of a bond conditioned forth® conveyance of land, with a suggestion *457 of breaches in the failure to convey ,* averring fraud in the sale of the land without title, and that he had been induced to make upon the land lasting and v aluable improvements.
. Bur In “ *?♦ A* value w the criterion of <⅛-“*88⅝*'
Various exceptions were taken upon the trial of the cause to the opinions of the court upon questions made at the bar; hut one of which only, we have deemed material to determine. It is this : the defendant moved the court to instruct the jury that the criterion,,of damages in this cause, should be the consideration paid,.with interest, which the court refused, but instructed the jury that the criterion of damages should be the valve of the land at the time by the covenant it was to have been conveyed.
In this instruction, we think the court erred: for although in cases of fraud, the vendor shall be liable for the value of the land, according to the repeated decisions of this court, yet whether Davis had been guilty of fraud in the sale of the land, was the province of the jury to determine ; and the court ought not to have instructed them flint in this cause the value of the land should be the criterion of damages ; for this was assuming upon itself the determination of the fact, that fraud bail been practised by the vendor in the sale of the land. Had the instruction been, that if the jury were of opinion from the ev idence, that Davis was guilty of fraud in the sale of the land, that then the criterion of damages should be the value of the land at the time of empanneU ing the jury, the instruction would have conformed to the doctrine as settled by this court. But inasmuch as the court, by the instruction given, have decided the fact, as Well as the law arising upon that fact, the instruction went.too far; and the judgment must, therefore, be reversed with costs, and the cause remanded for a new trial.