*457 OPINION of the Court, by
Ch. J. Botxe.
This was a bill filed by the defendant in error against the plaintiffs, as heirs of Robert Sanders, for the purpose of obtaining a conveyance in pa# of a tract ofland, for which their ancestor executed his bond to James Stapp, *458 in 1788 j and also a compensation for an alleged deficit in the quantity. The defendant in error claims tb@ land through several assignments ; hut neither of the assignors is made a party to the suit: and as the bond was given and assigned by the obligee, when such instruments were not assignable at law, so as to authorise an action in the name of the assignee, according to the settled rules of proceeding in courts of chancery, the court below erred in decreeing for the defendant in error without having the assignors before the court.
We are also of opinion, as the bill claimed a compensation for a deficit in quantity, that the executor or administrator of the obligor was a necessary party : for though at law, if the heirs be expressly bound,^an obligee may sue either the heirs or personal representatives, yet in equity, as the personal estate is first to be charged, the heirs cannot be sued without joining the executor or administrator. — Sec Cox’s heirs vs. Strode (2 Bibb 276) and tbe cases there cited. But if in such a case the personal representative is a necessary party, it is much more necessary that he should be a party in a case, like the present: for in this case, the heirs are not expressly bound by the terms of the obligation of their ancestor; and the obligation having been executed prior to the passage of the law subjecting lands to the payment of debts, the heirs, though they may be decreed to convey the title so far as it has descended upon them, cannot be made liable for damages for any deficit in quantity, either in a court of law or equity, whether they be sued separately or jointly with the personal representative.
The decree received with costs, and the cause remanded for new proceedings, not inconsistent with the foregoing opinion,