Judge Wright
delivered the opinion of the court:
The points raised by the demurrer make it necessary for us to construe the covenant between these parties. Bixbee, in consideration of McCoy’s undertaking to pay him for a tract of land, covenanted to convey him the land, without mentioning any time for the bonveyance. McCoy stipulated to pay one-half the purchase money on demand, and the remainder in five years, with interest after eighteen months. The common sense construction of this contract, in the opinion of the court, is the legal one. Bixbee did not manifest a clear intention to convey away his land to another, and rely upon the mere promise of the person he conveyed to to pay him for it. Such a contract, or intention, would be so manifestly against his interests, and the common and usual mode of selling land on credit, that the *318 presumption is against it, and clear expressions are required to authorize such a construction. The consideration of the covenant to convey, is said to be the promise to pay by McCoy. We think this too narrow a construction. The performance by McCoy of his covenants, the payment of the money, was the only real, substantial consideration of the promise to convey by Bixbee. To determine otherwise seems to us the substitution of the shadow 313] *for the substance. Mere words should be construed according to the evident intention of the parties using them. 1 Ohio, 341; 4 Ohio, 593. Why did these parties omit to fix the time for making the deed ? Evidently in order to entitle McCoy to the deed whenever he paid his money. He had the option of a credit of the whole purchase for five years unless Bixbee demanded one-half of it before. It would be unreasonable to construe this so as to compel Bixbee to convey away his land without being paid for it, and to rely upon the mere promise of his grantee to pay; and being unreasonable, we can not suppose it was his intention so to contract. As we understand the law applicable to such contracts, it gives no force to technical constructions when opposed to the intention of the parties.
It follows from our opinion that if McCoy, the plaintiff, would show a good’ title to sue on the covenant of Bixbee, he must aver either that he has paid the money, or that he has tendered, and is ready and willing to pay. That is the condition of the contract upon which the right to sue depends. The absence of such averment, in either count of the declaration, is a fatal objection. The demurrer is sustained.