Judge Lane
delivered the opinion of the court:
Between these parties time was not of the essence of the contract, but it should have been performed on the first of August. The first act should have been taken by the defendant, by tendering the deed, by which he would have been entitled to the purchase money. Accordingly, the decree of July, 1836, finds the equity with the complainant, and directs the inquiry of the value. The case was reserved to adopt the proper rule of compensation in equity, where the defendant to a bill for specific performance is unable to make a title.
The rule seems settled, in the cases cited in the note below, that where a vendor, having title, refuses, or puts it beyond his power to convey, the proper rule of compensation is the value of the land at the time the contract should have been performed. This is shown to have been forty dollars, from which the purchase money, fifteen dollars, is to be deducted, leaving twenty-five dollars the amount for which the decree may be taken.
In eases like the present, where a deed is contracted to be delivered and the purchase money paid at the same time, it is a rule of the court to regard such covenants as dependent, and by *the English practice neither party can enforce without making his part of the agreement a condition precedent. Sug. Tend. 245, and cases cited. This rule is strictly adhered to by our courts in cases at law. 6 Ohio, 312. But a practice has incautiously, and perhaps improperly, crept into our chancery proceedings, under which suits for a specific performance are entertained upon an offer to perform without any actual tender of the purchase money, but in suck cases the complainant takes his decree without costs.
Decree accordingly.
Note. — The court are indebted to a learned friend for the following collection of authorities, upon the important questions decided in the foregoing case. ■ t
"What damages shall the purchaser of real estate recover, in an action against the seller for non-performance of the contract?
1. Where the vendor has made a sale under the belief that he had a title, and it is found that he can not make title, the consideration money paid and interest, with expense of examination of title, can alone be recovered. 1 Sug. Tend., paging at bottom, 235, 237. (In State Lib.)
*49 2. But if the vendor, under the expectation that he can get in the title, agrees to sell and convey, and is disappointed so that he cstn not convey, ha is liable in damages (though he acted in good faith) beyond the consideration money, etc. The vendee shall recover for the loss he may have sustained by not having the contract carried into effect. 13 Eng. L. 100 ; 6 B. & Cress. 31 j 21 Eng. O. L. 102; 10 B. & Cress. 416.
3. Where the vendor neglects or refuses to convey, having title, the proper measure of damages is not the consideration money paid, etc.; hut the value of the land at the time of the breach, the rule being the same in relation to real and personal property. Hopkins v. Lee, 6 Wheat. 109; Wells v. Arbethny, 5 Conn. 222; and see 2 Murphey, (N. C.) 347; Cannell v. McClean, 6 Harris & Johns., (Md.) 297, (in this case the court go into the reasons); Hopkins v. Yowell, 5 Yerger (Tenn.) 305.
In Kentucky the law is different. The consideration money and interest seems to he the criterion of damages, and will not he departed from unless-the vendor has been guilty of fraud. If the vendor has been guilty of fraud, he is responsible for the value of the land at the time the covenant should have been performed. Rutledge v. Lawrence, 1 Marsh. 396; Goff v. Hawks, 5 J. J. Marsh, 341; Davis v. Lewis, 4 Bibb, 456; Seamore v. Harlan’s Heirs, 3 Dana, 410; Combs v. Tarlton’s Adm'r, 2 Dana, 464. Eraud in such cases consists in general in the sale of land to which the vendor knew that he had no title. 4 Bibb, 457; Gerault v. Anderson, 2 Bibb, 543; McConnell’s Heirs v. Dunlap’s Devisees, Hardin, 41.
In an action of this kind, questions in relation to rents and profits, improvements made by vendor, waste, etc., are said to be too complicated for a. jury, and must be settled in chancery. Combs v. Tarlton’s Adm’r, 2 Dana, 464, cited above. — J. R.