Avery, J.
On examining the article of agreement, we have deemed it important to remark upon such parts of it only, as are found in the statement of the case; and the *355 averments of the declaration relating to these portions of the article, are all that require notice in deciding the present cause. Here are covenants to be performed by each of the parties. The defendant agrees to make and deliver to the plaintiffs, a deed for the land, on or before the first of September. The plaintiffs agree to execute and deliver to the defendant, their bond for the purchase money, and also, their mortgage to secure the payment of the bond. It is claimed, in behalf of the plaintiffs, that an offer by them to make the bond and mortgage, must be considered sufficient in the case, and that it is unreasonable and even absurd to require of a party to execute a mortgage upon land before he has a title to it.
But the plaintiffs have agreed to execute it, and they have not provided, by the express terms of the contract, that the deed to them shall be made first. The plaintiffs could have put themselves in readiness to perform, as well before the deed was offered, as after; and to give a mortgage upon this land, as well as upon other land then actually owned by them. They had access to the article, and could describe the land in a mortgage, as well as set it out in a declaration. The mortgage, also, so executed, would be valid, if the defendant should perform the agreement on his part. Performance of the covenant, on the part of the plaintiffs, would have been actually executing and delivering the bond and mortgage.
The covenants of these parties, respecting the deed, and the mortgage to secure the purchase money, being both to be performed on the same day, are dependent covenants, in which, according to a clear legal principle, performance can not be exacted from either party, as a condition precedent. Both, it is understood, must perform at the same time, neither being under any obligation to trust the other.
That these covenants are dependent, see 6 Ohio Rep. 310, Mc Coy’s Adm’r v. Bixbee’s Adm’rs; and 8 Ohio Rep. 49, Dustin v. Newcomer.
*356 These eases determine, also, the effect of dependent coy enants upon the right of the parties, and settle what must be done by each before he can sue the other. The first case was upon covenants between Bixbee and McCoy, for the sale of land by one, and payment of the purchase money by the other, where the court pronounced the covenants mutual, and in which they say, if McCoy would show a good title to sue, on the covenant of Bixbee, he must aver, either that he has paid, or that he has tendered, and is ready and willing to pay.
The case in the 8th Ohio Rep. re-affirms the principles established in the 6th, and declares that, by the English practice, neither party can sue, without making his part of the contract a condition precedent; and that this rule is strictly adhered to by our courts in cases at law.
The case made according to the declaration before us is this : The parties meet on the day when the acts required of each in the article, are to be done; the defendant refuses to perform on his part, and therefore, the plaintiffs neither perform, nor tender performance. The consequence to the defendant of his neglect and refusal, is, that he can maintain no action at law for the purchase money, because he has neither delivered nor tendered a deed. Apply the same rule to both these dependent covenants, and the plaintiffs, who do not show themselves ready to perform by offering or tendering the bond and mortgage, cannot maintain this action for the deed.
Great strictness is required of a party to suit, who would avail himself of a tender or of an offer to perform. The American and English authorities are substantially alike in this respect. See 2 Dallas 190; 6 Pickering 356; 17 Mass. 389 ; 5 Espinasse 48; 10 East 101; 15 Wend. 637.
There is found in this article, in connection with the covenant, on the part of the plaintiffs, the following expressions: “ when the said deed is tendered to them,” they will execute, etc.; and it may be asked whether the character of the covenant is not changed by the introduction of these words. *357 We think not; to tender the deed was precisely what the defendant was bound to do, to entitle himself to an action for the purchase money, if, by the neglect or refusal of the other party, he could not effect a delivery of it. The demurrer, in the opinion of the court, was well taken, and the judgment of the common pleas is affirmed.