## TENDER VITIATED BY ATTACHING A CONDITION.

Circuit Court of Cuyahoga County.

BERNARD H. SINKS ET AL v. HUGH M. GREEN.

Decided, February 6, 1912.

### *Tender.*

A tender of stock is not sufficient when there is a coupled with it a
condition that the party to whom the tender is made shall pay
more for it than he has agreed to pay.

*Henry & McGraw,* for plaintiff in error.
*M. P. Mooney,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

Green was the plaintiff below and will be so spoken of in
this opinion. Sinks and others were defendants below and will
be so spoken of in this opinion.

The plaintiff recovered a judgment against the defendants in
an action brought by him to recover the amount he says the de-
fendants owed to him upon a contract for the sale of certain
stock in the Williams & Rogers Company, a corporation, or per-
haps more properly stated, for damages for refusing to carry
out the contract which he says the defendants made for the pur-
chase of such stock.

The case in the court of common pleas was referred to Hon.
John C. Hale, a former member of this court, who found the
facts and his conclusions of law and reported the same to the
court of common pleas. It is agreed here that the facts found by
the referee are the real facts and the only facts necessary to be
considered in the case. It is objected, however, that his conclu-
sions of law from the facts are not justified, and the court of
common pleas so found, the conclusions found by the referee be-
ing such as to deny to the plaintiff any right to recover. The
court allowed a recovery. So then, we know the facts upon which
the plaintiff is entitled to recover, if he is entitled to recover at
all.

The contract which the plaintiff says the defendants refused to carry out, and because of which refusal he claims to be entitled to recover here, was entered into between Thomas Rogers, acting on behalf of himself and certain other persons associated with him in the ownership of the stock of the Williams & Rogers Company, on the one part, and William C. Roberts, acting upon behalf of himself and the defendants in this action on the other part. Several contracts were entered into by these parties, each supplementing a prior contract. It is sufficient to say in regard to them that the parties originally represented by Rogers in the sale proposed to sell, and did sell, 1,400 shares of the stock of this corporation, there being in all 2,000 shares of such stock. A price was agreed upon in the original contract, based upon an inventory of the assets of the corporation. By supplements made to this contract, the price was to be varied according as it should turn out that there was an over-valuation of certain parts of the assets. The final contract as agreed upon contained this clause:

"It is further hereby agreed that if at any time within two years from the date hereof the owners of said 600 shares or of any 100 shares shall elect to sell their said stock to second party at the price aforesaid, upon the terms of payment of the par value thereof in equal semi-annual installments, payable in six, twelve, eighteen and twenty-four months respectively, evidenced by four promissory notes bearing interest at six per cent. per annum payable semi-annually, and the balance of said purchase price in cash at the time of purchase, the said party of the second part will, within thirty days after written notice of the election to him, accept and pay for the said stock in the manner aforesaid, and said party of the second part hereby gives to said party of the first part, or the holders of said shares the privilege and option to sell same to him upon the terms hereinbefore in this paragraph set forth. The promissory notes to be given as aforesaid to be signed by satisfactory responsible parties to the approval of the president of the Central National Bank of Cleveland."

The plaintiff was the owner of 100 shares of this stock. He claims that he tendered the stock to the defendants and demanded of them that they carry out the provisions contained in

that part of the contract hereinbefore quoted. What he did was, on the 12th of August, 1908, he sent a letter to the several defendants in this suit, except Aaron Skall, in which he said:

"The undersigned * * * hereby gives you (who were represented by William C. Roberts in the making of said contract) formal notice that he hereby takes advantage of, and exercises the option therein given him, to sell his said one hundred shares of stock in said company, to you at the price provided for in said contract, and upon the terms therein set forth, to-wit: the same price per share as was agreed by said contract to be paid for the other fourteen hundred shares mentioned therein, and upon the terms hereinbefore set forth. * * * The undersigned is ready, and hereby offers to deliver to you the said one hundred shares of said stock upon delivery to him of four notes signed as aforesaid."

The referee found that this was not a tender of the stock. In this we think the referee was clearly right. Nor was it necessary that he should then tender the stock, nor was it probably intended by him as a tender. It will be noticed that the contract provides that the party of the second part "will, within thirty days after written notice to him of such election, accept and pay for the said stock in the manner aforesaid." The letter of August 12, 1908, was such notice, and if followed up by a tender of the stock after thirty days from the giving of such notice and within two years from the date of the contract, the plaintiff would have complied with the contract and would have been entitled to recover the price agreed upon to be paid therefor, unless it be that the plaintiff was not entitled to the benefit of this contract, though made for his benefit and made between the parties who made it. As we view this case, it is not necessary to consider that question because, however we should hold upon it, we should reach the result which we do reach in deciding the case.

On the 3d of June, 1909, which was within two years of the date of the contract, and more than thirty days after the notice hereinbefore spoken of, the plaintiff wrote to each of the defendants the following letter:

"CLEVELAND, OHIO, June 2, 1909.

"MR. B. H. SINKS,

"City.

"*Dear Sir:* Pursuant to my written notice served upon you, bearing date of the 12th of August, 1908, in which I notified you of my election to sell my stock to you upon the terms set forth in the contract of June 28th, 1907, therein referred to, tendered you my said stock and demanded payment therefor in accordance with the provisions of said contract, I hereby renew my tender of said stock, preliminary to the commencement of suit, and offer to deliver same to you on the payment to me in cash of the sum of $3,801.55 and the delivery to me of four notes as follows: one for $2,500 payable in 8 months after date; one for $2,500 payable in 12 months after date; one for $2,500 payable in 18 months after date; and one for $2,500 payable in 24 months after date. Said notes to bear interest at six per cent. per annum, payable semi-annually, and to be signed by satisfactorily responsible persons to the approval of the president of the Central National Bank of Cleveland, Ohio.

"I herewith make the actual tender to you of certificate No. 52 for 100 shares in the capital stock of the Williams & Rogers Company, standing in my name, and duly endorsed for transfer. Upon failure by you to deliver me said cash and notes, signed as aforesaid, and to accept said stock, I shall at once begin suit against you to recover the amount due me.

"Very truly yours,

"HUGH M. GREEN."

And then produced a certificate for 100 shares of stock in this corporation, and as appears from the letter said:

"I hereby renew my tender of said stock preliminary to the commencement of suit, and offer to deliver the same to you on the payment to me in cash of the sum of $3,801.55, and the delivery to me of four notes as follows: one for $2,500 payable in 8 months after date; one for $2,500 payable in 12 months after date; one for $2,500 payable in 18 months after date, and one for $2,500 payable in 24 months after date."

It will be noticed that this offer and tender was accompanied with the condition that the amount to be paid therefor was $13,801.55. It is conceded that by reason of certain deductions which were to be made if the inventory should be changed, and which inventory was changed by the agreement of the parties

to the original contract, the amount demanded was more than the amount to which the plaintiff was entitled, if he was entitled to be paid the agreed price. And so we come to the question, and to us the only question which we regard as necessary to determine in order to properly determine the case before us: Was this tender sufficient?

We do not base the conclusion to which we come upon the question of whether this tender of the stock which the contract required was to be regarded as requiring a delivery of the stock as a condition precedent to the bringing of the suit. The two things to be done, that is to say, the delivery of the stock and the payment therefor, were to be contemporaneous; they were to be done at one and the same time, and the plaintiff did all that was necessary for him to do in order to entitle him to bring the suit, unless he imposed a condition which took away the validity of his tender. He says in his petition that the amount to be paid for the stock is $13,801.55 and he says:

"Plaintiff has been, from thence up (that is from the 12th day of August, 1908) to the beginning of this action, and still is, ready and offers to deliver his said 100 shares of said capital stock to the said defendants, upon payment to him of the purchase price thereof as provided in said contract, and he brings the said shares of said capital stock here into court to be delivered to the said defendants upon the payment by them of said purchase price."

The purchase price about which he is talking, and which he says they agreed to pay him, was $13,801.55. As already said, it is clear that the purchase price was not so much as this by a considerable amount, because of the deductions which had been made from the inventory, and which, as to a part thereof at least, were well known to the plaintiff at the time he offered to deliver the stock, to-wit, on the 3d day of June, 1909.

We are of opinion that the plaintiff did not make such a tender of the stock either in August, 1908, or in June, 1909, as entitles him to maintain his action. The tender made was conditional, and it was conditional upon the payment to him of an amount to which he was not entitled.

In *Page on Contracts*, 3d Vol., Section 1421, it is said:

"The debtor may attach a condition to the tender requiring the creditor to perform some act which he would be in any event legally bound to do without affecting the sufficiency of the tender."

In Section 1422 of the same writing it is said:

"If, however, the debtor attempts to impose any condition not required by law, such as demanding that the tender be accepted as full performance, or that a discharge or a release in full be given, or that a right of appeal be waived, or that in connection with the debt in question other claims between the same parties be settled, the tender is insufficient."

Without quoting further from this section, it seems clear from the whole section that the writer does not regard a tender as sufficient where there is coupled with it a condition that the party to whom the tender is made shall do something which he is not bound by law or the contract to do, and this text is supported by a large number of authorities.

In the case of *Raudabaugh* v. *Hart,* 61 O. S., 73, the second paragraph of the syllabus reads as follows:

"Where two acts are to be done at the same time, as when the vendor has agreed to convey interests in real estate upon the payment of a given sum as purchase money, the deal to be closed by a certain day named, and the purchaser has agreed to pay the purchase money, a part on that day and balance in one year, the conditions are what are known in law as mutual conditions, and neither party can maintain an action against the other without averring a performance, or an offer to perform on his part. Mere willingness and readiness to perform, uncommunicated to the other party, will not avail. And it is not, in such case, sufficient that the plaintiff aver that from the date of the making of the contract to and including the day at which it was to be completed, 'he was ready and willing to do and perform everything to be done by him in the carrying out of said sale and contract.' Nor are the averments sufficient, when, in addition thereto, he avers that 'the defendant, although often requested so to do, has refused to comply with said contract, and has at all times refused to transfer and deliver said property to plaintiff.' ".

On page 89 of the same opinion, the court said:

"But there seems no doubt as to the rule in this state. In *McCoy's Adm'r* v. *Bixbee*, 6 Ohio Rep., 310, it is held that 'Covenants to convey a tract of land, specifying no time of conveyance, and a covenant to pay therefor so much money in hand and so much at a future day, are mutual covenants. In such a case a purchaser can not have a cause of action, without averring the payment or tender of the purchase money.' And in *Campbell* v. *Gittings*, 19 Ohio, 347, it is held: 'Where an article contains a covenant by one party to execute and deliver a warranty deed, and by the other to execute and deliver, when the deed is tendered a bond and a mortgage for the purchase money, though the party named neglect or refuse to deliver the deed, the other is not entitled to sue, after having neglected, at the proper time, to offer or tender a bond and mortgage; and a declaration on the covenant to make a deed containing an averment that the plaintiff offered to execute a bond and mortgage, without averring a tender, or what is equivalent thereto is bad on demurrer.' And in the opinion by Avery, J., it is said: 'The covenants of these parties respecting the deed, and the mortgage to secure the purchase money, being both to be presented on the same day, are dependent covenants in which, according to a clear legal principle, performance can not be exacted from either party, as a condition precedent. Both, it is understood must perform at the same time, neither being under any obligation to trust the other.''

The conclusion reached by us, as already said, is that the plaintiff did not, within two years from the date of this contract, make such tender to the defendants of the stock as entitles him to maintain his action, and there being no dispute as to the facts in this case, but all being conceded, we reverse the judgment of the court of common pleas and proceed to enter the judgment here which should have been entered in that court, that the petition of the plaintiff be dismissed at his costs.